**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-1770**

─────────

JOSEF BOTHA; J.B.; Z.B.; AMANDA BOTHA; J.H.B.,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

─────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-547-608; A95-547-609; A95-547-610; A95-547-611; A79-546-059)

─────────

Submitted: February 23, 2005       Decided: March 22, 2005

─────────

Before LUTTIG and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Petition denied by unpublished per curiam opinion.

─────────

Parastoo G. Zahedi, LAW OFFICES OF PARASTOO G. ZAHEDI, Vienna, Virginia, for Petitioners. Peter D. Keisler, Assistant Attorney General, David V. Bernal, Assistant Director, Margaret K. Taylor, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Josef Botha, his wife Amanda, and their three daughters, all citizens of South Africa, petition for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] In their petition for review, the Bothas challenge the immigration judge's determination that they failed to establish their eligibility for asylum. To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence he presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that the Bothas fail to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief they seek.

Nor can the Bothas show that they are entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily

---

[*]The Bothas do not argue their entitlement to protection under the Convention Against Torture on appeal, and thus waive the issue. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Camara v. Ashcroft</u>, 378 F.3d 361, 367 (4th Cir. 2004).

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>